# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIS AVINA,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>NANCY BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　　　　　Defendant. | Case No.: 18-CV-1728 W (AGS)<br><br>**ORDER GRANTING AMENDED APPLICATION TO PROCEED IN FORMA PAUPERIS [DOC. 5]** |

Plaintiff Isis Avina filed this action on July 27, 2018 seeking review of the denial of her application for disability insurance benefits and Supplemental Security Income. (*Compl.* [Doc. 1].) On the same date, Avina filed an application to proceed in forma pauperis. (*IFP App.* [Doc. 2].) She later amended the application to correct formatting errors. (*Amended IFP App.* [Doc. 5].)

The Court decides the matter on the papers submitted. For the reasons outlined below, the Court **GRANTS** the amended IFP application. [Doc. 5.]

//

1

# I. LEGAL STANDARD

The determination of indigency falls within the district court's discretion. California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds*, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency.").

It is well-settled that a party need not be completely destitute to proceed in forma pauperis. See Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." Id. at 339 (internal quotations omitted). At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984). "[T]he greater power to waive all fees includes the lesser power to set partial fees." Olivares v. Marshall, 59 F.3d 109, 111 (9th Cir. 1995).

The facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981). District courts tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. See, e.g., Allen v. Kelly, 1995 WL 396860 at *2 (N.D. Cal. 1995) (initially permitting Plaintiff to proceed in forma pauperis but later requiring him to pay $120 filing fee out of $900 settlement proceeds); Ali v. Cuyler, 547 F. Supp. 129, 130 (E.D. Pa. 1982) ("[P]laintiff possessed savings of $450 and the magistrate correctly determined that this amount was more than sufficient to allow the plaintiff to pay the filing fee in this action . . . ."). Permission to proceed IFP is

1 "a matter of privilege and not right[,]" Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984), and " 'in forma pauperis status may be acquired and lost during the course of litigation.' " Baize v. Lloyd, 2014 WL 6090324, at *1 (S.D. Cal. Nov. 13, 2014) (quoting Wilson v. Dir. of Div. of Adult Insts., 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009)).

## II.  DISCUSSION

Avina has satisfied her burden of demonstrating that she is entitled to IFP status. According to her declaration, she and her spouse receive monthly income of $790 in public assistance. (*Amended IFP App.* [Doc. 5] 2.)  Her family's monthly obligations are $500 for rent, $120 for utilities, and $100 for food.  (*Id.* [Doc. 5] 4.)  She has no money in any bank account, and her spouse only has $100 in a checking account.  (*Id.* [Doc. 5] 2.)  She owns no assets of value.  (*Id.* [Doc. 5] 3.)  Her mother relies on her for support.  (*Id.*)

The filing fee for an ordinary civil action is $400.  Based on the foregoing, Avina demonstrates that she lacks the means to pay the filing fee without sacrificing the necessities of life.  See Adkins, 335 U.S. at 339–40.  Accordingly, Avina demonstrates entitlement to IFP status.  See 28 U.S.C. § 1915.

//
//
//
//
//
//
//
//
//
//

### III. CONCLUSION & ORDER

For the reasons addressed above, the Court **GRANTS** Plaintiff's amended application to proceed IFP. [Doc. 5.] In light of the Court's ruling on the amended IFP application, the Court orders as follows:

> 1. The United States Marshal shall serve a copy of the Complaint filed on July 27, 2018 and an accompanying summons upon Defendant as directed by Plaintiff on U.S. Marshal Form 285. All costs of service shall be advanced by the United States.
>
> 2. Defendant shall respond to the Complaint within the time provided by the applicable provisions of the Federal Rules of Civil Procedure.

Additionally, the Court hereby **REFERS** all matters arising in this case to United States Magistrate Judge Andrew G. Schopler for a Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c)(1)(c).

If the parties seek to file motions, they shall contact the chambers of Judge Schopler to secure scheduling, filing, and hearing dates. All motion(s) for summary judgment must be filed and served no later than **120 days** after the Government files its answer.

**IT IS SO ORDERED.**

Dated: August 10, 2018

Hon. Thomas J. Whelan
United States District Judge